## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:21-cv-00119-CEM-EJK

RONALD E. SCHERER,

     Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
STEVEN TIGGES,
STUART PARSELL, and
ZEIGER, TIGGES & LITTLE, LLP,

     Defendants.

_____/

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES

Defendant JPMorgan Chase Bank, N.A., ("JPMC"), successor to Bank One Trust Company, N.A., pursuant to this Court's December 2, 2021 Order granting JPMC's motion for Rule 11 Sanctions, and Middle District of Florida Local Rule 7.01(c), files this Supplemental Motion on Amount of Attorneys' Fees.

### I.    Introduction and Background.

Plaintiff Ronald Scherer, through his attorney, Barry Rigby, filed a complaint accusing JPMC of fraud on the court arising from a probate action tried in Ohio state court and reduced to judgment in 2008 ("2008 Judgment"). The complaint was brought pursuant to Federal Rule of Civil Procedure 60(d). Rule 60(d) provides for independent actions to set aside judgments for fraud, which actions can be brought

outside of the court rendering the judgment sought to be set aside and with virtually no time limitation as to when the action must be filed. Plaintiff sought to set aside the 2008 Judgment, as well as a separate 2017 federal tax judgment, which Plaintiff alleged was based on the 2008 Judgment.

JPMC filed a 25-page motion to dismiss. The motion to dismiss required research into the extensive history of Scherer's prior litigation, which included two state-court trials and corresponding appeals, two separate federal court cases, an appeal to the U.S. Sixth Circuit Court of Appeals, an Ohio state-court Rule 60 motion, and a prior independent action under Federal Rule 60(d). The motion to dismiss raised issues of personal jurisdiction, collateral estoppel, the Rooker-Feldman doctrine, and also addressed directly the elements of Plaintiff's claim pursuant to Federal Rule 60(d)(3).

Research into the detailed history of prior litigation was necessary to draft the collateral estoppel and Rooker-Feldman arguments, and to address the factual allegations of the Federal Rule 60(d)(3) claim. Because the motion was fact-intensive, it was more akin to a motion for summary judgment than to a typical motion to dismiss. Furthermore, the motion to dismiss was critical because the prospect of undertaking discovery into a voluminous and fact-intensive trial record from 13 years ago would have proved time-consuming, expensive, and wasteful. For example, Scherer's counsel had already served more than 5,000 pages of expert reports on JPMC prior to the Court's Order dismissing this case.

JPMC separately served, and then filed, a 25-page motion under Federal Rule of Civil Procedure 11, seeking sanctions against Plaintiff's attorney. This motion required review of, and included briefing on, two additional bases for collateral estoppel that were not included in the motion to dismiss due to space limitations and the time necessary to obtain certain Ohio state-court records. These included two prior actions that Plaintiff filed in this Court, one in 2007, and one in 2020, both voluntarily dismissed, thus creating an additional basis for res judicata, as well as the record of the second trial in Ohio state court.

In addition to the typical work of drafting a motion to dismiss, consisting of research to identify issues, and to find controlling and persuasive case law, these motions required analysis of Plaintiff's 640-page complaint (including exhibits), and a careful comparison of the complaint with, inter alia, the follow materials, for purposes of demonstrating collateral estoppel and addressing the factors in the Rule 60(d) independent action alleging fraud on the court:

> A. Pleadings from a case tried in state court in Ohio in 2007, and the 60-page findings of fact, conclusions of law, and final judgment resulting from that 2007 trial. *Bank One Tr. Co., v. Scherer, Sr.* case no. 430379-C (Ohio Pr. Ct. May 14, 2008), affirmed, *Bank One Tr. Co. v. Scherer*, 2009 WL 4049123 at*6 (Ohio Ct. App. Nov. 24, 2009), and review denied *Bank One Tr. Co. v. Scherer*, 924 N.E.2d 843 (Ohio 2010);

B. Pleadings from a second case tried in state court in Ohio in 2011, and an 84-page findings of fact conclusions of law and final judgment resulting from that 2011 trial. *Bank One Tr. Co., v. Scherer, Sr.* case no. 430379-C (Ohio Pr. Ct. December 1, 2011), affirmed, *Bank One Tr. Co. v. Scherer*, 2012 WL 5555825 (Ohio Ct. App. Nov. 15, 2012), and review denied by *Bank One Tr. Co. v. Scherer*, 2013-Ohio-1123, 134 Ohio St. 3d 1508, 948 N.E.2d 102 (Ohio 2013);

C. Pleadings in a federal matter wherein Scherer alleged fraud against JPMC. *Scherer v. JPMorgan JPMC*, 2011 WL 6884237 (S.D. Ohio, Dec. 29, 2011) (*Scherer I*);

D. Pleadings in a federal tax matter, to include Scherer's counterclaim under Rule 60(d) alleging fraud. *United States v. Scherer*, 2015 WL 5381671 (S.D. Ohio 2015) (*Scherer III*). It is the 2017 judgment in this case that Scherer also sought to set aside in the present action;

E. Pleadings in a 2007 complaint that Scherer file in this Court, alleging fraud against JPMC. *Scherer v. Bank One Trust Co., N.A.*, Case No. 6:07-cv-1939 (M.D. Fla.);

F. Pleadings in 2020 compliant that Scherer filed in this Court, alleging an independent action for fraud on the court based on Rule 60(d)(3). *Scherer v. JPMorgan Chase Bank, N.A.,* Case No. 6:20-cv-01803 (M.D. Fla.)

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

JPMC's counsel achieved all of JPMC's goals in the defense of this matter. The Court granted JPMC's motion to dismiss and motion for sanctions on December 2, 2021, ordering JPMC to file the present motion by December 30, 2021.

## II.    Meet and confer efforts with Plaintiff's counsel

In accordance with the Court's December 2, 2021 Order, and local rule 7.01, JPMC's counsel conferred with counsel for Plaintiff. JPMC's motion for sanctions was asserted only against Plaintiff's counsel (not against Plaintiff), and JPMC attempted to reach an agreement with Mr. Rigby that would make the preparation and filing of this Supplemental Motion unnecessary. Mr. Rigby was not amenable to any agreement. Mr. Rigby indicated he may appeal the Court's Order, and that he may seek indemnity from his client or from other attorneys representing his client, on whose advice he allegedly relied. [1]

Counsel for JPMC further provided to Mr. Rigby its hourly billing rates and the amount of time expended in this matter, and offered to discuss any matter in more detail in an effort to resolve issues without the need of the Court. Mr. Rigby indicated that he would dispute any hourly rate and any amount of time spent, and thus the parties were not able to resolve any issues.

---

[1] JPMC notes that it informed Mr. Rigby of the risk associated with his filing of this action before JPMC retained outside counsel. *See* Exhibit A to JPMC's Motion for Sanctions, which includes a letter from JPMC's in-house counsel dated October 5, 2020, and informing Mr. Rigby about some of the history of this matter, and about the imposition of sanctions against Scherer's prior counsel by the U.S. Sixth Circuit Court of Appeal.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

### III.   Memorandum of Law on Unresolved Issues.

Because counsel for JPMC was unable to resolve any issues with Plaintiff's counsel, JPMC will address the overall reasonableness of the hours worked and rates charges by its counsel in this matter.

The starting point for determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The Court may increase or reduce the lodestar amount depending on the particular circumstances of the case. *Gary v. Health Care Servs.*, 744 F. Supp. 277, 278 (M.D. Ga. 1990) aff'd., 940 F.2d 673 (11th Cir. 1991). JPMC's counsel attaches to this motion as Exhibit 1, detailed billing records of the time expended in this matter.

In conformity with Local Rule 7.01, attached as Exhibit 2 is a declaration of lead counsel, Derek E. León, verifying that counsel charged the rates requested, that he has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable. Mr. León's declaration attaches the biographies of the attorneys who billed time in this matter. The time spent litigating an attorney's fee award in federal court is also recoverable. *See Jonas v. Stack*, 758 F.2d 567, 568 (11th Cir. 1985); *Johnson v. Univ. College of Univ. Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983).[2]

---

[2] *Seminole Cty. v. Chandrinos*, 816 So. 2d 1241, 1246 (Fla. Dist. Ct. App. 2002) ("We observe that unlike the law in Florida, which distinguishes between time spent litigating entitlement to fees, which is recoverable, and time spent litigating the amount, which is not, *State Farm Fire & Casualty Co. v. Palma,* 629 So.2d 830, 832–33 (Fla.1993), federal courts make no such distinction and allow recovery of fees for

Sworn testimony by counsel that the billed hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear the time is obviously and convincingly excessive to reduce the hours. *Perkins v. Mobile Housing Authority*, 847 F.2d 735, 738 (11th Cir. 1988).

Mr. León, a founding partner of León Cosgrove, LLP, is a Chamber's ranked lawyer in commercial litigation, and is recognized by Best Lawyers in America for commercial litigation. He graduated from the University of Miami School of Law, cum laude, in 1997. Mr. León was an equity partner at a global law firm with in excessive of 2,200 lawyers, prior to founding León Cosgrove, LLP, in 2013. Mr. León has represented JPMC in litigation nationwide for more than a decade. Mr. León's rate, which has already been paid by JPMC for the hours worked in this case (not including the December 2021, bill), is a significantly discounted rate off of his standard hourly rate.

Andrew Boese is a partner at León Cosgrove, LLP. He graduated from the University of Miami School of Law suma cum laude in 2004, ranked 3rd in his class. Mr. Boese practiced for several years at a global law firm, where he successfully defended clients nationwide at the trial and appellate level. Mr. Boese also served as an Assistant County Attorney for Miami-Dade County, where he was chief of its appellate practice section. He taught legal writing at the University of Miami for six years from 2004-2010. Mr. Boese has represented JPMC throughout the United

litigating fees as a matter of course. *Johnson v. Univ. Coll. Of the Univ. of Ala. In Birmingham,* 706 F.2d 1205, 1207 (11th Cir.1983).").

States and Florida for more than a decade. Mr. Boese's rate, which has already been paid by JPMC for the hours worked in this case (not including the December 2021, bill), is a discounted rate off of his standard hourly rate.

JPMC is requesting to recover the reasonable fees that it has already paid to its counsel and one paralegal (and that it will pay for work completed in December) at the following reasonable rates and hours:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Derek E. León | $534 | 11.60 | $6,194.40 |
| Andrew B. Boese | $465 | 95.40 | $44,361.00 |
| William A. O'Leary | $250 | 1.10 | $275.00 |
| Diana Zulueta (paralegal) | $253 | 3.50 | $885.50 |
| Totals | | 111.60 | $51,715.90 |

Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum v. Stenton*, 465 U.S. 886, 894 (1984). Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. *Perkins*, 847 F.2d at 737, n.1. The court should also analyze the skills of organization, efficiency, knowledge of trial practice, knowledge of substantive law and persuasiveness in determining the

skill level of the lawyer seeking an award of attorney's fees. *Norman*, 836 F.2d at 1299.

Recent cases from the Middle District of Florida provide direct evidence that the rates paid by JPMC, and for which it seeks reimbursement, are consistent with prevailing rates for comparable services provide by counsel in the community. *See, e.g.*, *Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187-T-17JSS, 2019 WL 4395287, at *5 (M.D. Fla. June 9, 2019) (hourly rates of $550 and $450 reasonable for experienced defense attorneys), *adopted by* 2019 WL 3451583 (M.D. Fla. July 31, 2019); *Rudakas v. State Farm Mut. Auto. Ins. Co.*, No. 618CV974ORL37EJK, 2020 WL 1640096, at *2 (M.D. Fla. Apr. 2, 2020) (finding that an hourly rate of $475 for a "relatively straightforward insurance coverage dispute litigated in the Orlando area" was reasonable for plaintiff's fees); *Inlet Marina Villas Condominium Association, Inc. v. United Specialty Insurance Company*, Case No. 6:17-cv-1337Orl-40DCI, 2019 WL 2720219, at *3-4 (M.D. Fla. June 13, 2019) (awarding hourly rates of $450, $350, and $250 for attorneys litigating insurance disputes in the Orlando Division of the Middle District of   Florida); *Diperna v. GEICO Gen. Ins. Co.*, No. 612CV687ORL36KRS, 2016 WL 7246094, at *4 (M.D. Fla. June 27, 2016 (awarding hourly rates of $550 and $450 for attorneys litigating an insurance dispute in the Orlando division).

As outlined in the Introduction and Background section of this motion, the present matter was not a routine matter, and counsel obtained a complete victory on behalf of their client. Accordingly, the rates sought by JPMC, $465 for the majority

of the work that was done by Mr. Boese, $534 for more limited work done by Mr. León, $250 for 1.1 hours of work done by Mr. O'Leary (a former federal law clerk for the honorable Judge James Lawrence King in the Southern District of Florida), and $253 for work done by Ms. Zulueta, an attorney in Chile, and a paralegal with 25 years of experience in the United States[3], are reasonable rates consistent with the prevailing rates in the local community.

The attorney time set forth in the chart above, and in the detailed billing records attached hereto as Exhibit 1, does not include all of the time incurred by all attorneys who worked on this matter. Rather, prior to presenting bills to JPMC, Defendant's counsel exercised billing judgment and elected not to include certain attorneys' time in their entirety due to those attorneys conferring with each other and providing additional review of briefing and analysis of background materials. Defense counsel took all deliberative measures to ensure that no "excessive, redundant, or otherwise unnecessary hours . . . that would be unreasonable to bill to a client" were included in this fee request. *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988).[4]

---

[3] *See, e.g.*, *TemPay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732, 2013 U.S. Dist. LEXIS 158724, at *5, 2013 WL 5874772, at *1–2 (M.D. Fla. Oct. 30, 2013) (finding in 2013 that rate of $190.00 is reasonable for paralegal with over twenty years' experience); *Global Fin., LLC v. Pay Pro Card Corp.*, No. 8:07-CV-0029, 2008 U.S. Dist. LEXIS 114805, at *6 (M.D. Fla. Jul. 17, 2008) (finding in 2008 that paralegal rates of up to $190.00 are reasonable).

[4] "Importantly, 'if fee applicants do not exercise billing judgment, courts are obligated to do it for them.'" *Penn v. Dsm Logistics Corp V,* No. 20-CV-62216, 2021 U.S. Dist. LEXIS 122836,*8 (S.D. Fl. June 21, 2021) (quoting *ACLU v. Barnes,* 168

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8ᵀᴴ FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

## IV.   CONCLUSION

Accordingly, the Court should award Defendant JPMC the full amount of attorneys' fees expended in this matter, in the amount of $51,715.90.

Date: December 30, 2021                    Respectfully submitted,

*/s/ Andrew B. Boese*
Derek E. Leon
  Florida Bar No.625507
Andrew B. Boese
  Florida Bar No. 824771
**León Cosgrove, LLP**
255 Alhambra Circle – 8th Floor
Miami, FL  33134
Telephone:  (305) 740.1980
Facsimile:  (305) 437.8158
Email:  aboese@leoncosgrove.com
Email:  dleon@leoncosgrove.com
Email:  anoonan@leoncosgrove.com

*Counsel for JPMorgan JPMC Bank, N.A.*

F.3d 423, 428 (11th Cir. 1999)). Because counsel has exercised billing judgment, JPMC respectfully submits there is no need for the Court to further deduct from counsel's time.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

By: /s/ *Andrew B. Boese*_____
Andrew B. Boese