UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD E. SCHERER,

     Plaintiff,

v.                                                                            Case No. 6:21-cv-119-RBD-GJK

JPMORGAN CHASE BANK, N.A.;
STEVEN TIGGES; STUART
PARCELL; and ZEIGER, TIGGES &
LITTLE, LLP,

     Defendants.
_____

## ORDER

The Court previously dismissed Plaintiff's Complaint based on the *Rooker-Feldman* doctrine and collateral estoppel and sanctioned Plaintiff and his attorney for repeatedly bringing the same claims against Defendants despite warnings that his arguments were objectively not well-taken. (Doc. 54.) Plaintiff now moves for relief from that Order, alleging fraud on the Court. (Doc. 57 ("Motion").) Plaintiff's Motion is due to be denied.

A court has the power to set aside a judgment for fraud on the court. *See* Fed. R. Civ. P. 60(d)(3). Fraud on the court is narrowly construed and found only in exceptional cases where it "vitiates the court's ability to reach an impartial disposition of the case before it." *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d

1255, 1262 (11th Cir. 2000). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Gupta v. U.S. Att'y Gen.*, 556 F. App'x 838, 840 (11th Cir. 2014) (cleaned up).

Here, Plaintiff contends that there has been "substantial, intentional, and sophisticated fraud on the court and tax fraud perpetrated by JPMC." (Doc. 57, p. 2.) But his Motion seeks to merely relitigate the Court's prior conclusions. (*Compare id.* at 5, *with* Doc. 54, p. 5 n.4.) The evidence he attaches of alleged fraud relates only to the merits of his underlying claims (*see* Doc. 57, pp. 2–3); it has no bearing on the grounds on which the Court's Order turned. (*See* Doc. 54.) With no evidence of fraud affecting the impartial outcome—let alone the clear and convincing evidence required—Plaintiff has shown no basis for relief.[1] *See Gupta*, 556 F. App'x at 841.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (Doc. 57) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 17, 2022.

---

[1] Plaintiff asserts that he was denied due process because the Court did not permit a hearing or excess pages for briefing (Doc. 57, p. 14), but he was afforded ample opportunity to present evidence and make argument, so his assertion is not well-taken.

3

ROY B. DALTON JR.
United States District Judge