# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Elizabeth M. Warren                                                    Richard Banke
Clerk of Court                                              Orlando Division Manager

July 13, 2022

**DATE:**        July 13, 2022

**TO:**          Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**RONALD E. SCHERER,**

       **Plaintiff,**

**v.**                                          **Case No: 6:21-cv-119-RBD-GJK**

**JPMORGAN CHASE BANK, N.A., STEVEN
TIGGES, STUART PARCELL and ZEIGER,
TIGGES & LITTLE, LLP,**

       **Defendants.**

_____

**U.S.C.A. Case No.:**        **TBD**

- Honorable Roy B. Dalton, Jr., United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.

ELIZABETH M. WARREN, CLERK

By:      s/LJ, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD E. SCHERER,                           Case No: 6:21–cv–00119–RBD–GJK

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
STEVEN TIGGES,
STUART PARCELL, and
ZEIGER, TIGGES & LITTLE, LLP,

      Defendants.

_____/

## NOTICE OF APPEAL

      Plaintiff, RONALD E. SCHERER, appeals to the United States Court of Appeals for the Eleventh Circuit from a Final Order (Docket Doc 69) of the Middle District of Florida entered in this case on June 10, 2022 which includes the subsequent Court Order (Docket Doc 64) entered in this case on February 22, 2022.

                                /s/ Ronald E. Scherer
                                Ronald E. Scherer
                                Plaintiff, *Pro Se* Appellant
                                P.O. Box 730478
                                Ormond Beach, FL 32173
                                Telephone: (386) 334-6220
                                E-Mail: rscherer@mlmax.com

[*Certificate of Service on Following Page*]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2022, a true and correct copy of the foregoing was electronically filed with Middle District of Florida, and a copy was served via email on all counsel and parties of record as listed below.

Jeffrey M. Partlow
Geraldine Patrizia Pena
Cole, Scott & Kissane P.A.
1900 Summit Tower Blvd., Suite 400
Orlando, FL 32810
Tel: (321) 972-0079
Fax: (321) 972-0099
Email: jeffrey.partlow@csklegal.com
Email: geraldine.pena@csklegal.com
Attorneys for Defendants, Steven
Tigges, Stuart Parcell, and Zeiger,
Tigges & Little, LLP

Andrew Benjamin Boese
Derek E. Leon
Leon Cosgrove, LLC
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134–7412
Tel: (305) 740–1975
Fax: (305) 437–8158
Email: aboese@leoncosgrove.com
Email: dleon@leoncosgrove.com
Attorneys for Defendant,
JPMorgan Chase Bank, N.A.

Barry Rigby, Esq.
Law Offices of Barry Rigby, P.A.
1881 Lee Road
Winter Park, FL 32789
Email: barryrigbylaw@gmail.com
Email: rigbylaw@yahoo.com
Phone: (407) 650-1985
Fax: (407) 386-6150
Counsel for Plaintiff,
Ronald E. Scherer

/s/ Ronald E. Scherer
Ronald E. Scherer
Plaintiff, *Pro Se* Appellant

2

APPEAL, CLOSED, MEDIATION

# U.S. District Court
# Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:21-cv-00119-RBD-GJK

| | |
|---|---|
| Scherer v. JPMorgan Chase Bank, N.A. et al | Date Filed: 01/16/2021 |
| Assigned to: Judge Roy B. Dalton, Jr. | Date Terminated: 12/03/2021 |
| Referred to: US Magistrate Judge Gregory J Kelly | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Fraud | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Diversity |

**Plaintiff**

**Ronald E. Scherer**                          represented by          **Ronald E. Scherer**
P.O. Box 730478
Ormond Beach, FL 32173
386-334-6220
PRO SE

**Barry William Rigby**
Law Offices of Barry Rigby, PA
1881 Lee Road
Winter Park, FL 32789
407/999-2630
Fax: 407/999-2631
Email: barryrigbylaw@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JPMorgan Chase Bank, N.A.**                  represented by          **Andrew Benjamin Boese**
*Individually and as Successor-by-Merger to*                            Leon Cosgrove, LLC
*BANK ONE TRUST COMPANY, N.A.*                                          255 Alhambra Cir Ste 800
Coral Gables, FL 33134-7412
305-740-1975
Fax: 305-437-8158
Email: aboese@leoncosgrove.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek E. Leon**
Leon Cosgrove, LLC
255 Alhambra Cir Ste 800
Coral Gables, FL 33134-7412
305-761-5369
Email: dleon@leoncosgrove.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Tigges**                                         represented by    **Jeffrey Michael Partlow**
                                                                             Cole, Scott & Kissane, PA
                                                                             Tower Place
                                                                             1900 Summit Tower Blvd., Suite 400
                                                                             Orlando, FL 32810
                                                                             321/972-0079
                                                                             Fax: 321/972-0099
                                                                             Email: Jeffrey.partlow@csklegal.com
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Geraldine Patrizia Asher**
                                                                             Baker & Hostetler LLP
                                                                             200 S. Orange Ave.
                                                                             Suite 2300
                                                                             Orlando, FL 32801
                                                                             407-649-4001
                                                                             Fax: 407-841-0168
                                                                             Email: gasher@bakerlaw.com
                                                                             *TERMINATED: 09/17/2021*
                                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Stuart Parcell**                                        represented by    **Jeffrey Michael Partlow**
                                                                             (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Geraldine Patrizia Asher**
                                                                             (See above for address)
                                                                             *TERMINATED: 09/17/2021*
                                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Zeiger, Tigges & Little, LLP**                          represented by    **Jeffrey Michael Partlow**
*an Ohio Limited Liability Partnership*                                      (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Geraldine Patrizia Asher**
                                                                             (See above for address)
                                                                             *TERMINATED: 09/17/2021*
                                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/16/2021 | 1 | COMPLAINT against All Defendants with Jury Demand (Filing fee $ 402 receipt number 113A-17777559) filed by Ronald E. Scherer. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons All Defendants, # 3 Exhibit Index, # 4 Exhibit Part 1 - Ex. 1 - 17, # 5 Exhibit Part 2 - Ex. 18 - 29)(Rigby, Barry) (Entered: 01/16/2021) |
| 01/19/2021 | 2 | NEW CASE ASSIGNED to Judge Carlos E. Mendoza and Magistrate Judge Embry J. |

|  |  | Kidd. New case number: 6:21-cv-0119-Orl-41EJK. (SJB) (Entered: 01/19/2021) |
|---|---|---|
| 01/19/2021 | 3 | SUMMONS issued as to All Defendants. (ARJ) (Entered: 01/19/2021) |
| 01/20/2021 | 4 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 2/3/2021. Signed by Judge Carlos E. Mendoza on 1/20/2021. (MEH) ctp** (Entered: 01/20/2021) |
| 01/20/2021 | 5 | **INTERESTED PERSONS ORDER Certificate of interested persons and corporate disclosure statement due by 2/3/2021. Signed by Judge Carlos E. Mendoza on 1/20/2021. (MEH) ctp** (Entered: 01/20/2021) |
| 01/20/2021 | 6 | **NOTICE TO COUNSEL AND PARTIES: Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further action. Signed by Judge Carlos E. Mendoza on 1/20/2021. (MEH) ctp** (Entered: 01/20/2021) |
| 01/21/2021 | 7 | **(VACATED per Order 30) STANDING ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Embry J. Kidd on 1/3/2020. (PML) ctp** Modified text on 7/20/2021 (LDJ). (Entered: 01/21/2021) |
| 02/03/2021 | 8 | CERTIFICATE of interested persons and corporate disclosure statement re 5 Interested persons order by Ronald E. Scherer. (Rigby, Barry) (Entered: 02/03/2021) |
| 02/03/2021 | 9 | NOTICE of a related action per Local Rule 1.07(c) by Ronald E. Scherer. Related case(s): Yes (Rigby, Barry) (Entered: 02/03/2021) |
| 02/09/2021 | 10 | NOTICE of Scrivener's Error by Ronald E. Scherer re 1 Complaint (Rigby, Barry) Modified text on 2/10/2021 (ARJ). (Entered: 02/09/2021) |
| 05/14/2021 | 11 | WAIVER of service returned executed on 05-05-2021 by Ronald E. Scherer as to Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Rigby, Barry) (Entered: 05/14/2021) |
| 05/28/2021 | 12 | MOTION to Amend Summons and MOTION for Extension of Time to Effectuate Service of Process by Ronald E. Scherer. (Rigby, Barry) Modified text on 6/1/2021 (TNP). (Entered: 05/28/2021) |
| 06/03/2021 | 13 | **ENDORSED ORDER granting in part and denying in part 12 Plaintiff's Motion to Amend Summons and Motion for Extension of Time to Effectuate Service of Process. For good cause shown, the Court grants Plaintiff's Motion for Extension of Time to Effectuate Service of Process. Plaintiff shall serve Defendant JPMorgan Chase Bank, N.A. on or before July 6, 2021. Plaintiff's Motion to Amend Summons is denied as moot. In order to receive a new summons, Plaintiff should submit a notice of non-service to the Clerk of Court, along with a new proposed summons, for JPMorgan Chase Bank, N.A. Signed by Magistrate Judge Embry J. Kidd on 6/3/2021. (RMN)** (Entered: 06/03/2021) |
| 06/16/2021 | 14 | Unopposed MOTION for Leave to File a Motion to Dismiss in Excess of 25 Pages by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Partlow, Jeffrey) Modified text on 6/16/2021 (TNP). (Entered: 06/16/2021) |
| 06/16/2021 | 15 | **ENDORSED ORDER granting in part and denying in part 14 Motion for Leave to File a Motion to Dismiss in Excess of Twenty Five Pages. Defendants may file a Motion to Dismiss of thirty five or fewer pages. Signed by Judge Carlos E. Mendoza on 6/16/2021. (KMS)** (Entered: 06/16/2021) |
| 06/18/2021 | 16 | NOTICE of Non-Service of Summons and Request for Issuance of New Summons by Ronald E. Scherer (Attachments: # 1 Proposed Summons)(Rigby, Barry) Modified text |

| | | on 6/21/2021 (TNP). (Entered: 06/18/2021) |
|---|---|---|
| 06/21/2021 | 17 | SUMMONS reissued as to JPMorgan Chase Bank, N.A. (TNP) (Entered: 06/21/2021) |
| 07/02/2021 | 18 | CERTIFICATE of interested persons and corporate disclosure statement re 5 Interested persons order by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Partlow, Jeffrey) (Entered: 07/02/2021) |
| 07/02/2021 | 19 | NOTICE of a related action per Local Rule 1.07(c) by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. Related case(s): Yes (Partlow, Jeffrey) Modified text on 7/6/2021 (TNP). (Entered: 07/02/2021) |
| 07/02/2021 | 20 | MOTION to Dismiss Complaint by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Partlow, Jeffrey) (Entered: 07/02/2021) |
| 07/06/2021 | 21 | RETURN of service executed on 6/30/2021 by Ronald E. Scherer as to JPMorgan Chase Bank, N.A. (Rigby, Barry) Modified text on 7/7/2021 (TNP). (Entered: 07/06/2021) |
| 07/07/2021 | 22 | CASE MANAGEMENT REPORT. (Partlow, Jeffrey) (Entered: 07/07/2021) |
| 07/13/2021 | 23 | **ORDER directing that this case be transferred to the Honorable Roy B. Dalton, Jr., with his consent, pursuant to Local Rule 1.07(a)(1). Signed by Judge Carlos E. Mendoza on 7/13/2021. (MEH) ctp** (Entered: 07/13/2021) |
| 07/14/2021 | 24 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1 Complaint by JPMorgan Chase Bank, N.A.. (Boese, Andrew) (Entered: 07/14/2021) |
| 07/14/2021 | 25 | CORPORATE Disclosure Statement by JPMorgan Chase Bank, N.A.. (Boese, Andrew) (Entered: 07/14/2021) |
| 07/16/2021 | 26 | **ENDORSED ORDER granting 24 Motion for Extension of Time. JPMorgan Chase Bank, N.A., may have until and through August 2, 2021, to respond to the Complaint. Signed by Magistrate Judge Embry J. Kidd on 7/16/2021. (Kidd, Embry)** (Entered: 07/16/2021) |
| 07/16/2021 | 27 | Case Reassigned to Judge Roy B. Dalton, Jr. New case number: 6:21-cv-00119-RBD-EJK. Judge Carlos E. Mendoza no longer assigned to the case. (BCW) (Entered: 07/16/2021) |
| 07/16/2021 | | Reset deadline for JPMorgan Chase Bank, N.A. Answer due by 8/2/2021. (LDJ) (Entered: 07/19/2021) |
| 07/19/2021 | 28 | MOTION for Sanctions by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit) (Partlow, Jeffrey) (Entered: 07/19/2021) |
| 07/19/2021 | 29 | NOTICE of compliance re 28 MOTION for Sanctions by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP (Pena, Geraldine) (Entered: 07/19/2021) |
| 07/19/2021 | 30 | **ORDER transferring this case to the Honorable Gregory J. Kelly, with his consent, for all further proceedings pursuant to Local Rule 1.07(a)(1) and vacating 7 Standing Order on Discovery Motions. Signed by Magistrate Judge Embry J. Kidd on 7/19/2021. (RMN)** (Entered: 07/19/2021) |
| 07/20/2021 | 31 | Case Reassigned to Magistrate Judge Gregory J. Kelly. New case number: 6:21-cv-00119-RBD-GJK. Magistrate Judge Embry J. Kidd no longer assigned to the case. (ALL) (Entered: 07/20/2021) |
| 07/23/2021 | 32 | Unopposed MOTION for Extension of Time until 8/6/21 to File Response/Reply as to |

| | | |
|---|---|---|
| | | **20** MOTION to Dismiss Complaint by Ronald E. Scherer. (Rigby, Barry) Motions referred to Magistrate Judge Gregory J. Kelly. Modified text on 7/26/2021 (LDJ). (Entered: 07/23/2021) |
| 07/26/2021 | 33 | **ENDORSED ORDER granting 32 Plaintiff's Unopposed Motion for Extension of Time. Plaintiff's response to Defendants' Motion to Dismiss 20 is due Friday, August 6, 2021. Future motions for extensions of time filed on the deadline will be denied outright absent extraordinary circumstances. This does not affect the deadline for Plaintiff to respond to Defendants' Motion for Sanctions 28, which remains Monday, August 2, 2021. Signed by Judge Roy B. Dalton, Jr. on 7/26/21. (EBU)** (Entered: 07/26/2021) |
| 07/26/2021 | | Reset deadline as to **20** MOTION to Dismiss Complaint . Responses due by 8/6/2021 (LDJ) (Entered: 07/27/2021) |
| 08/02/2021 | 34 | MOTION to Dismiss Complaint by JPMorgan Chase Bank, N.A.. (Attachments: # **1** Exhibit A, # **2** Exhibit B)(Boese, Andrew) (Entered: 08/02/2021) |
| 08/02/2021 | 35 | RESPONSE in Opposition re **28** MOTION for Sanctions filed by Ronald E. Scherer. (Rigby, Barry) (Entered: 08/02/2021) |
| 08/04/2021 | 36 | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 8/6/2021 Joinder of Parties due by 8/6/2021 Discovery due by 4/1/2022 Dispositive motions due by 5/2/2022 Pretrial statement due by 9/8/2022 All other motions due by 8/25/2022 Plaintiff disclosure of expert report due by 1/14/2022 Defendant disclosure of expert report due by 1/14/2022 Final Pretrial Conference set for 9/15/2022 at 10:00 AM in Orlando Courtroom 4 A before Judge Roy B. Dalton, Jr. Jury Trial set for 10/3/2022 at 09:00 AM in Orlando Courtroom 4 A before Judge Roy B. Dalton, Jr.. Conduct mediation hearing by 3/1/2022. Lead counsel to coordinate dates. Signed by Judge Roy B. Dalton, Jr. on 8/3/2021. (BIA)** (Entered: 08/04/2021) |
| 08/04/2021 | 37 | NOTICE of a related action per Local Rule 1.07(c) by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. Related case(s): Yes (Partlow, Jeffrey) (Entered: 08/04/2021) |
| 08/04/2021 | 38 | CASE REFERRED to Mediation. (LDJ) (Entered: 08/04/2021) |
| 08/06/2021 | 39 | RESPONSE in Opposition re **20** MOTION to Dismiss Complaint filed by Ronald E. Scherer. (Attachments: # **1** Exhibit Summary of Expert Reports)(Rigby, Barry) (Entered: 08/06/2021) |
| 08/06/2021 | 40 | (STRICKEN per Order **41**) NOTICE of Initial Disclosures by Ronald E. Scherer (Rigby, Barry) Modified text on 8/9/2021 (LDJ). (Entered: 08/06/2021) |
| 08/09/2021 | 41 | **ORDER to strike re: 40 PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a). Signed by Magistrate Judge Gregory J. Kelly on 8/9/2021. (MB)** (Entered: 08/09/2021) |
| 08/18/2021 | 42 | NOTICE of mediation conference/hearing to be held on February 9, 2022 10:00 am EST before Richard Joyce. (Rigby, Barry) (Entered: 08/18/2021) |
| 08/23/2021 | 43 | RESPONSE in Opposition re **34** MOTION to Dismiss Complaint filed by Ronald E. Scherer. (Attachments: # **1** Exhibit TRUSTEES EXPERTS OVERVIEW & CONCLUSIONS)(Rigby, Barry) (Entered: 08/23/2021) |
| 08/24/2021 | 44 | Unopposed MOTION for Geraldine Pena to Withdraw as Attorney by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Pena, Geraldine) Motions referred to |

| | | |
|---|---|---|
| | | Magistrate Judge Gregory J. Kelly. Modified text on 8/25/2021 (LDJ). (Entered: 08/24/2021) |
| 09/03/2021 | 45 | MOTION for Sanctions *Pursuant to Federal Rule of Civil Procedure 11* by JPMorgan Chase Bank, N.A. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Boese, Andrew) Modified text on 9/7/2021 (LDJ). (Entered: 09/03/2021) |
| 09/14/2021 | 46 | Unopposed MOTION to File Excess Pages *for Response to Motion for Sanctions* by Ronald E. Scherer. (Rigby, Barry) (Entered: 09/14/2021) |
| 09/15/2021 | 47 | **ENDORSED ORDER denying 46 Motion to File Excess Pages. Signed by Judge Roy B. Dalton, Jr. on 9/15/2021. (Dalton, Jr., Roy)** (Entered: 09/15/2021) |
| 09/17/2021 | 48 | **ENDORSED ORDER granting 44 UNOPPOSED MOTION TO WITHDRAW. Attorney Geraldine Patrizia Pena terminated. Signed by Magistrate Judge Gregory J. Kelly on 9/17/2021. (KRR)** (Entered: 09/17/2021) |
| 09/17/2021 | 49 | RESPONSE to Motion re 45 MOTION for Sanctions *Pursuant to Federal Rule of Civil Procedure 11* filed by Ronald E. Scherer. (Attachments: # 1 Exhibit 1. Expert Reports - Summary Conclusions, # 2 Exhibit 2. Tax Expert Opinion Letter, # 3 Exhibit 3. Affidavit of Ronald E. Scherer)(Rigby, Barry) (Entered: 09/17/2021) |
| 09/17/2021 | 50 | REQUEST for oral argument re 49 Response to motion, 28 MOTION for Sanctions , 43 Response in Opposition to Motion, 45 MOTION for Sanctions *Pursuant to Federal Rule of Civil Procedure 11*, 39 Response in Opposition to Motion, 35 Response in Opposition to Motion, 34 MOTION to Dismiss Complaint , 20 MOTION to Dismiss Complaint by Ronald E. Scherer. (Rigby, Barry) (Entered: 09/17/2021) |
| 09/21/2021 | 51 | SUPPLEMENT re 50 Request for oral argument by Ronald E. Scherer. (Rigby, Barry) (Entered: 09/21/2021) |
| 09/30/2021 | 52 | RESPONSE re 50 Request for oral argument filed by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Partlow, Jeffrey) (Entered: 09/30/2021) |
| 10/27/2021 | 53 | **ORDER Judge Kelly's Standing Discovery Order Signed by Magistrate Judge Gregory J. Kelly on 10/27/2021. (MB)** (Entered: 10/27/2021) |
| 12/03/2021 | 54 | **ORDER granting 34 Motion to Dismiss; granting 45 Motion for Sanctions; granting 20 Motion to Dismiss; granting 28 Motion for Sanctions Plaintiff Ronald E. Scherer, Barry William Rigby, Esq., and the LawOffices of Barry Rigby, PA are SANCTIONED. By Thursday, December 30, 2021, each set of Defendants may movefor reasonable attorney's fees and costs for defending this action. Theparties are DIRECTED to meet and confer on the issue of fees andcosts. If they agree on the appropriate amount, they should file anotice advising the Court of the resolution. The Clerk is DIRECTED to terminate all other pending motions andclose the file. Signed by Judge Roy B. Dalton, Jr. on 12/2/2021. (YG)** (Entered: 12/03/2021) |
| 12/30/2021 | 55 | MOTION for Attorney Fees by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Attachments: # 1 Exhibit Declaration of Jeffrey M. Partlow, # 2 Exhibit Declaration of Geraldine P. Pena)(Partlow, Jeffrey) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 12/30/2021) |
| 12/30/2021 | 56 | MOTION for Attorney Fees by JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit Invoices, # 2 Exhibit Declaration of Derek E. Leon in Support of Defendant's Supplemental Motion on Amount of Attorneys' Fees)(Boese, Andrew) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 12/30/2021) |

| 01/03/2022 | 57 | MOTION for Reconsideration re 54 Order on Motion to DismissOrder on Motion for Sanctions by Ronald E. Scherer. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 Exhibit A Part 3, # 4 Exhibit A Part 4, # 5 Exhibit A Part 5, # 6 Exhibit A Part 6, # 7 Exhibit B Part 1, # 8 Exhibit B Part 2, # 9 Exhibit B Part 3, # 10 Exhibit B Paert 4, # 11 Exhibit B Part 5, # 12 Exhibit B Part 6, # 13 Exhibit B Part 7, # 14 Exhibit B Part 8, # 15 Exhibit B Part 9, # 16 Exhibit C)(Rigby, Barry) (Entered: 01/03/2022) |
|---|---|---|
| 01/14/2022 | 58 | MOTION for Extension of Time to File Response/Reply as to 57 MOTION for Reconsideration re 54 Order on Motion to DismissOrder on Motion for Sanctions by JPMorgan Chase Bank, N.A.. (Boese, Andrew) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 01/14/2022) |
| 01/16/2022 | 59 | RESPONSE in Opposition re 57 MOTION for Reconsideration re 54 Order on Motion to DismissOrder on Motion for Sanctions filed by Stuart Parcell, Steven Tigges, Zeiger, Tigges & Little, LLP. (Partlow, Jeffrey) (Entered: 01/16/2022) |
| 01/18/2022 | 60 | **(VACATED per Endorsed Order 61) ENDORSED ORDER denying as moot 58 Motion for Extension of Time to File Response / Reply in light of Doc. 59. Signed by Judge Roy B. Dalton, Jr. on 1/18/2022. (Dalton, Jr., Roy)** Modified text on 1/19/2022 (LDJ). (Entered: 01/18/2022) |
| 01/18/2022 | 61 | **ENDORSED ORDER. The Endorsed Order at Doc. 60 was entered in error. The Clerk is Directed to Vacate it. The Motion for Extension filed by JP Morgan at Doc 58 is granted in part and denied in part. An extension is granted to February 25, 2022. The Motion is otherwise denied. Signed by Judge Roy B. Dalton, Jr. on 1/18/2022. (Dalton, Jr., Roy)** (Entered: 01/18/2022) |
| 01/18/2022 | 62 | **ENDORSED ORDER amending the due date specified at Doc. 61 for JPMorgan's response to Plaintiff's Motion for Reconsideration (Doc. 58). JPMorgan is DIRECTED to file its response by Tuesday, January 25, 2022. Signed by Judge Roy B. Dalton, Jr. on 1/18/2022. (ABR)** (Entered: 01/18/2022) |
| 01/18/2022 | | Reset deadline as to 57 MOTION for Reconsideration re 54 Order on Motion to DismissOrder on Motion for Sanctions . Responses due by 1/25/2022 (LDJ) (Entered: 01/19/2022) |
| 01/24/2022 | 63 | RESPONSE in Opposition re 57 MOTION for Reconsideration re 54 Order on Motion to DismissOrder on Motion for Sanctions filed by JPMorgan Chase Bank, N.A.. (Boese, Andrew) (Entered: 01/24/2022) |
| 02/22/2022 | 64 | **ORDER denying 57 Motion for Reconsideration / Clarification. Signed by Judge Roy B. Dalton, Jr. on 2/17/2022. (YG)** (Entered: 02/22/2022) |
| 02/23/2022 | 65 | **ENDORSED ORDER: Plaintiff has failed to file a response to the two motions for an award of fees (doc. nos. 55 and 56), other than his motion for reconsideration (doc. no.57) of the Order finding a Rule 11 violation (doc. no. 54). The motion for reconsideration has been denied (doc. no. 64). The motions for fees will be deemed unopposed in the absence of a substantive response (that does not re-argue matters already decided) filed no later than March 2, 2022, at which time the matters will be taken under advisement. Plaintiff is admonished that any filing that merely re-argues the purported merits of his claims will be stricken and disregarded. Signed by Magistrate Judge David A. Baker on 2/23/2022. (Baker, David)** (Entered: 02/23/2022) |
| 02/23/2022 | | Set deadlines as to 56 MOTION for Attorney Fees , 55 MOTION for Attorney Fees . Responses due by 3/2/2022 (LDJ) (Entered: 02/24/2022) |
| 02/25/2022 | 66 | Amended MOTION for Attorney Fees by JPMorgan Chase Bank, N.A.. (Attachments: |

| | | # 1 Exhibit Invoices, # 2 Exhibit Declaration of Derek E. Leon in Support of Defendant's Amended Supplemental Motion on Amount of Attorneys' Fees)(Boese, Andrew) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 02/25/2022) |
|---|---|---|
| 03/02/2022 | 67 | RESPONSE in Opposition re 66 Amended MOTION for Attorney Fees , 56 MOTION for Attorney Fees , 55 MOTION for Attorney Fees filed by Ronald E. Scherer. (Rigby, Barry) (Entered: 03/02/2022) |
| 05/23/2022 | 68 | **REPORT AND RECOMMENDATIONS re 55 MOTION for Attorney Fees, 56 MOTION for Attorney Fees, 66 Amended MOTION for Attorney Fees. Is it RECOMMENDED that the Court GRANT the ZTL Motion (Doc. No. 55) and award Defendant, ZTL, $19,530.00 in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm; GRANT in part the JPMC Motion (Doc. No. 66) and award Defendant, JPMC, $31,125.00 in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm; Otherwise DENY the JPMC Motion (Doc. No. 66); and DENY JPMC's original motion for attorney's fees (Doc. No. 56) as moot. Signed by Magistrate Judge David A. Baker on 5/23/2022. (TNP)** (Entered: 05/23/2022) |
| 06/10/2022 | 69 | **ORDER granting 55 Motion for Attorney Fees; denying as moot 56 Motion for Attorney Fees; granting in part and denying in part 66 Motion for Attorney Fees; adopting 68 Report and Recommendations.. Signed by Judge Roy B. Dalton, Jr. on 6/10/2022. (YG)** (Entered: 06/10/2022) |
| 07/12/2022 | 70 | NOTICE OF APPEAL as to 69 Order on Motion for Attorney Fees, Order on Report and Recommendations, by Ronald E. Scherer. Filing fee not paid. (HAI) (Entered: 07/12/2022) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD E. SCHERER,

      Plaintiff,

v.                                    Case No. 6:21-cv-119-RBD-GJK

JPMORGAN CHASE BANK, N.A.;
STEVEN TIGGES; STUART
PARCELL; and ZEIGER, TIGGES &
LITTLE, LLP,

      Defendants.

_____

**ORDER**

This Court previously dismissed this case and sanctioned Plaintiff,
Plaintiff's counsel Barry William Rigby, Esq., and counsel's firm the Law Offices
of Barry Rigby, PA. (Doc. 54.) Defendants Steven Tigges, Stuart Parcell, and Zeiger,
Tigges & Little, LLP (collectively, "ZTL Defendants") and Defendant JPMorgan
Chase Bank, N.A. ("JPMC") then moved to determine the amount of attorney's
fees for the sanctions. (Doc. 55 ("ZTL Motion"); Doc. 56 ("Original JPMC Motion");
Doc. 66 ("Amended JPMC Motion").) On referral, U.S. Magistrate Judge
David A. Baker entered a Report and Recommendation submitting that the Court
should grant the ZTL Motion and grant the Amended JPMC Motion in part.
(Doc. 68 ("R&R").) The parties did not object to the R&R and the deadline has

passed, so the Court examines the R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.   The R&R (Doc. 68) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2.   The ZTL Motion (Doc. 55) is **GRANTED**.

3.   The ZTL Defendants are **AWARDED** $19,530.00 in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm.

4.   The Original JPMC Motion (Doc. 56) is **DENIED AS MOOT**.

5.   The Amended JPMC Motion (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**:

     a.   The Motion is **GRANTED** insofar as JPMC is **AWARDED** $31,125.00 in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm.

     b.   In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 10, 2022.



ROY B. DALTON JR.
United States District Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONALD E. SCHERER,**

       **Plaintiff,**

**v.**                                  **Case No:  6:21-cv-119-RBD-GJK**

**JPMORGAN CHASE BANK, N.A.,**
**STEVEN TIGGES,**
**STUART PARCELL, and**
**ZEIGER, TIGGES & LITTLE, LLP,**

       **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS, STEVEN TIGGES, STUART PARCELL, AND ZEIGER, TIGGES & LITTLE, LLP'S MOTION FOR ATTORNEY'S FEES (Doc. No. 55)** |
| **FILED:** | **December 30, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES (Doc. No. 56)** |

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

| | |
|---|---|
| **FILED:** | **December 30, 2021** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S AMENDED SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES (Doc. No. 66)** |
| **FILED:** | **February 25, 2022** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART**. | |

## I.   BACKGROUND.

On January 16, 2021, Plaintiff, Ronald E. Scherer, filed a Complaint against Defendants, Steven Tigges, Stuart Parsell, and Zeiger, Tigges & Little, LLP (collectively, "ZTL"), and JPMorgan Chase Bank, N.A. ("JPMC"). Doc. No. 1. In the Complaint, Plaintiff alleged several instances of wrongdoing against ZTL and JPMC stemming from a 2004 Ohio Probate Court proceeding that resulted in a 2008 judgment and later led to a 2017 Southern District of Ohio judgment. *Id.* In response to the Complaint ZTL and JPMC filed their respective Motions to Dismiss (collectively, the "Motions to Dismiss"). Doc. Nos. 20, 34. Both ZTL and JPMC moved for Sanctions against Plaintiff, Plaintiff's counsel,

and counsel's law firm (collectively, the "Motions for Sanctions"). Doc. Nos. 28, 45. On December 3, 2021, the presiding District Judge entered an order[2] dismissing the Complaint, granting the Motions to Dismiss, and granting sanctions against Plaintiff, Plaintiff's counsel, and counsel's law firm. Doc. No. 54.

Note, with respect to violations under Rule 11, an issue may arise as to the relative responsibilities of attorney and client and the nature and division of any sanctions. Rule 11(c)(5)(A) specifically prohibits a monetary sanction against a represented party for violating Rule 11 (b)(2). None of the parties has raised this issue, and the Court's Order (doc. no. 54) simply directs an award of reasonable fees against Plaintiff and counsel, citing Rule 11 (b)(1) *and* (b)(2). Accordingly, this issue is not addressed further herein.

In response to the Court's order, on December 30, 2021, ZTL filed their motion for attorney's fees (the "ZTL Motion"). Doc. No. 55. On February 25, 2022, JPMC filed its amended[3] supplemental Motion for Attorney's Fees (the "JPMC Motion"). Doc. No. 66. Plaintiff's response in opposition, in addition to raising some issues as to the amounts claimed, argues for counsel's good faith investigation prior to filing the case. He also asserts that the Rule 11 finding of

---

[2] Judge Dalton's order provides the factual history and a summary of the litigation that took place. *See* Doc. No. 54.
[3] JPMC filed its original Supplemental Motion for Attorney's Fees on December 30, 2021. Doc. No. 56.

baselessness is a sufficient sanction because of the effect on his reputation. Those contentions essentially seek review of the Court's Order imposing attorneys' fees as the appropriate sanction. Thus, they will not be addressed here, and we turn to the amounts to be assessed.

## II. ANALYSIS.

Motions for attorney's fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The order on a motion for attorney's fees must contain a clear and concise explanation of the court's reasoning. *Id.* The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 433. The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to

acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the court may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

- 5 -

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the hours the opponent views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

Once the lodestar is calculated, the court then decides whether an adjustment is necessary. *Bivins*, 548 F.3d at 1350. A downward adjustment "is merited only if the prevailing party was partially successful in its efforts." *Id.* at 1350-51. The *Johnson* factors are considered in determining the lodestar and "should not be reconsidered in making either an upward or downward adjustment to the lodestar . . . ." *Id.* at 1352.

## A. ZTL'S MOTION FOR ATTORNEY'S FEES

ZTL requests $19,530.00 in attorney's fees. Doc. No. 55 at 11. Plaintiff does not specifically oppose the ZTL Motion. In his response, Plaintiff states, "the attorney's fees sought by Defendants' counsel are excessive as a sanction, though more so in respect to counsel for Defendant, JPMorgan Chase Bank." Doc. No. 67 at 2. ZTL's counsel, request the following rates: Jeffrey M. Partlow, Esq. (Partner), $170 through April 30, 2021, and $225 beginning May 1, 2021 onward; Geraldine P. Pena, Esq. (Associate), $190. Doc. No. 55 at 3. In Plaintiff's response, he does not dispute that the requested rates are reasonable. Doc. No. 67 Based on the undersigned's knowledge and experience concerning reasonable rates, plus the *Johnson* factors, the requested rates are reasonable.

Plaintiffs claim the following number of hours were reasonably expended in this case in defending the action: Jeffrey M. Partlow, Esq. (Partner), 2.9 hours through April 30, 2021, and 32 hours beginning May 1, 2021, onward; Geraldine

P. Pena, Esq. (Associate), 62.3 hours. Doc. No. 55 at 10. Plaintiffs submitted their time records and affidavits to support their claim. Doc. Nos. 55-1; 55-2. The Court finds that the hours expended by Jeffrey M. Partlow, Esq. and Geraldine P. Pena, Esq. are reasonable. Thus, the Court finds **$19,530.00** to be a reasonable amount in attorney's fees incurred by ZTL in defending this action.

### B. JPMC'S MOTION FOR ATTORNEY'S FEES.

Plaintiff opposes and argues that the fees sought by JPMC's counsel are excessive. Doc. No. 67 at 2. As an initial matter, the precise method JPMC has used to arrive at the amount of fees it seeks is unclear. JPMC requests $51,715.90 in attorney's fees, but the rates of the timekeepers and their hours expended do not equal the amount requested. Doc. No. 66 at 12. JPMC's counsel requests the following rates and hours expended:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Derek E. León | $534 | 12.2 | $ 6,514.80 |
| Laurie Mathews | $534 | 8.9 | $ 4,752.60 |
| Andrew B. Boese | $465 | 97.7 | $ 45,430.50 |
| William A. O'Leary | $250 | 1.1 | $ 275.00 |
| Diana Zuleta | $253 | 3.5 | $ 885.50 |
| | | | $ 57,858.40 |

Supporting JPMC's request are billing records, biographies of their attorneys, and an affidavit from attorney Derek E. León attesting to the reasonableness of the hours expended by each timekeeper, their respective reasonable hourly rates,

and opining those components justify the fee award sought. Doc. No. 66-2.

Having reviewed the docket in this case the Court finds, contrary to counsel's assertions, that the work done by JPMC's counsel in this case was routine, neither novel nor complex. Although the background of the case is long and tortured, the legal issues (essentially collateral estoppel and the *Rooker-Feldman* doctrine) as argued and decided in the Motions to Dismiss are simple and straightforward matters that do not require extensive research nor long years of experience for effective presentation. Despite the straightforward and simple nature of the legal issues, 80% of the total reported hours expended in defending this action were billed at a partner rate of $465 an hour and 17% of the total reported hours expended were billed at a partner rate of $534 an hour.

The Court finds that the hourly rates requested, and the hours expended for Derek E. León; Laurie Mathews, and Andrew B. Boese, are unreasonable with respect to effort appropriate to this case insofar as the fees are to be assessed as a Rule 11 sanction. No special skills beyond that of a federal court practitioner were required here. The legal issues were neither novel nor difficult. Nothing about the representation precluded other work or imposed time limitations on counsel. In short, there are no circumstances in this case that justify a premium bill.[4]

---

[4] The billing records also include entries for work done by paralegal Diana Zulueta. Doc. No. 66-

A client seeking representation in litigation is of course free to retain counsel of its choosing. Law firms undertaking a representation are free to staff a case as they see fit (subject to client acquiescence). When seeking to recover the cost of representation from an opposing party, however, those choices are not entitled to deference when the resulting fee claim is unreasonable.

In this case, JPMC chose a firm with lofty billing rates, and that firm chose to staff the litigation almost exclusively with partners performing routine tasks of document review, unsophisticated legal research and drafting of commonplace pleadings. Simply put, routine work on mundane matters does become more valuable because it is performed by a partner, accustomed to billing at a high rate. More typically, the Court would expect to see a partner in general charge of the litigation, delegating motions and briefing of the kind appropriate here to a junior attorney. The bulk of the hours needed to prepare proper motion papers would be spent by the junior lawyer, with a partner weighing in to supervise, edit and finalize the work product.

Applying that paradigm to the circumstances of this litigation necessarily

---

1. No supporting documents are provided regarding Zulueta, however, other than that she is a paralegal with 25 years of experience in the United States and her rate during this case was $253 an hour. Doc. No. 66-2 at 3. Thus, Zulueta's claimed hourly rate is not supported by the record and, given the Court's experience regarding reasonable rates for paralegal services, the claimed rate seems high. Due to the lack of any support, the Court cannot recommend any allowance for her claimed time. Paralegals provide valuable services and cost savings, and this finding should not be attributed to anything other than a lack of proof regarding the reasonableness of a rate of $253 per hour for a paralegal, which is more than the $250 rate per hour requested for attorney Willaim A. O'Leary. Doc. No. 66-1.

involves some conjecture and a risk of arbitrariness. Assessing the responsibility and work product associated with JPMC's successful defense here, the Court concludes that an allowance of 65 hours at $300 per hour and 25 hours at $465 per hour (totalling **$31,125.00**) is as much as can be allowed as a sanction to be imposed. In passing, the Court notes that this figure is nearly 60% higher than the fees claimed by ZTL to litigate essentially the same defenses with the same result.

## III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the ZTL Motion (Doc. No. 55) and award Defendant, ZTL, $19,530.00 in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm.

2. **GRANT** in part the JPMC Motion (Doc. No. 66) and award Defendant, JPMC, **$31,125.00** in attorney's fees against Plaintiff, Plaintiff's counsel, and counsel's firm.

3. Otherwise **DENY** the JPMC Motion (Doc. No. 66); and

4. **DENY** JPMC's original motion for attorney's fees (Doc. No. 56) **as moot**.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation

is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on May 23, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record